# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| JEREMY W. THORPE, #510461, | ) ) ) |
| Plaintiff, | ) ) NO. 1:23-CV-00052 |
| v. | ) ) ) JUDGE CAMPBELL |
| ARAMARK CORRECTIONAL SERVICES, *et al.*, | ) MAGISTRATE JUDGE HOLMES ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION**

Jeremy W. Thorpe, an inmate of the Turney Center Industrial Complex in Only, Tennessee, filed this pro se action in the Chancery Court of Hickman County on June 5, 2023. (Doc. No. 1, Attach. 1). The complaint names Aramark Correctional Services ("Aramark"), Food Services Director Jeremy Smith, Food Services Manager Valerie Miller, and Head Stewardess Dawn Wright as Defendants. (*Id*. at 2-3).

## I. REMOVAL

On August 29, 2023, Defendant Aramark filed a Notice of Removal in this Court, asserting that this Court has jurisdiction over the subject matter of the complaint because Plaintiff's claims arise under federal law. (*Id*. at 2). Plaintiff has not objected to the removal.

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants" to district court. 28 U.S.C. § 1441(a). An action such as this one (between nondiverse parties) comes within the original jurisdiction of the district court if it "aris[es] under the Constitution, laws, or treaties of

1

the United States," 28 U.S.C. § 1331—that is, if it presents a federal question. That determination, in turn, "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiff served Defendant Aramark with Plaintiff's complaint on August 13, 2023. (Doc. No. 1 at 1). Thus, Defendant Aramark's Notice of Removal was timely filed with 30 days of receiving service. *See* 28 U.S.C. § 1446(b).

In his complaint, Plaintiff asserts claims for violations of his civil rights and the Tennessee Human Rights Act, all arising from incidents that allegedly occurred at the Turney Center Industrial Complex. Specifically, the complaint cites 29 C.F.R. § 1606.8, 42 U.S.C. § 1197d, and the Tennessee Human Rights Act. (Doc. No. 1, Attach. 1 ¶¶ 12, 15, 16, 17).

This Court has jurisdiction over the subject matter of the complaint because Plaintiff's civil rights claims arise under federal law. *See* 28 U.S.C. § 1331. Venue for this removed action is proper here because the territorial jurisdiction of this Court includes the Chancery Court of Hickman County, Tennessee, in which Plaintiff filed his complaint. Removal to this Court is therefore proper under 28 U.S.C. § 1441(a).

## II. PLRA SCREENING OF THE COMPLAINT

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

2

Case 1:23-cv-00052   Document 11   Filed 09/19/23   Page 2 of 8 PageID #: 78

governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## A. Facts Alleged in the Complaint

On January 9, 2023, Defendant Wright approached Plaintiff and told him that someone had called her a "nigger lover" for conversing with Plaintiff while he and Wright worked in the kitchen at the Turney Center Industrial Complex. (Doc. No 1, Attach. 1 at 3). Plaintiff reported this incident to Pamela Stevenson, Food Service Supervisor. Plaintiff filed a grievance about the incident on January 13, 2023.

On January 18, 2023, Associate Warden of Treatment Brad Cotham conducted an investigation into the incident, the resolution of which favored Plaintiff. (Doc. No. 1 at 12). As a result of the investigation, Defendant Miller retaliated against Plaintiff by filing initiating an unfounded disciplinary action against Plaintiff arising from accusations made by Wright about Plaintiff.

3

Case 1:23-cv-00052   Document 11   Filed 09/19/23   Page 3 of 8 PageID #: 79

On January 20, 2023, Wright was relieved of her duties as food stewardess at the prison. Inmate Paul Clayton was removed from the kitchen on that same day "for his involvement pertaining to the referenced incident." (*Id*. at 4).

**B. Analysis**

The complaint alleges "nonpecuniary injury due to a violation of [Plaintiff's] civil rights under Title VII Tennessee State Law in the form of discriminatory practices from Aramark Correctional Services LLC employees, to include: retaliation, discriminatory harassment in the workplace, and callous indifference to Plaintiff's Civil Rights." (*Id*. at 1). The complaint further alleges that Aramark violated 29 C.F.R. § 1606.8 and all Defendants retaliated against Plaintiff in violation of 42 U.S.C. § 1997d. (*Id*.) The Court will begin with Plaintiff's federal claims.

    1. <u>29 C.F.R. § 1606.8</u>

"Title VII of the Civil Rights Act of 1964, as amended, protects individuals against employment discrimination; 29 C.F.R. § 1606.8 is a 'guideline' regarding the scope of Title VII protection." *See Lopez v. Compa Industries, Inc*., No. 1:23-cv-00303-LF, 2023 WL 2973963, at *4 (D. New Mex. Apr. 17, 2023). *See also Quartman v. Office Furniture Resources*, No. 22-CV-1314-JPS, 2022 WL 17252008, at *6 (E.D. Wis. Nov. 28, 2022) (29 C.F.R. § 1606.8 is part of the Equal Employment Opportunity Commission's guidelines on discrimination). Title 29 C.F.R. § 1606.8(a) provides that "[a]n employer has an affirmative duty to maintain a working environment free of harassment on the basis of national origin." *Id*. By citing 29 C.F.R. § 1606.8, the Court understands the pro se Plaintiff to be asserting claims under Title VII.

Inmates may not be covered under Title VII. *See Overholt, Jr. v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. 2000) ("It is unclear whether prisoners are protected under Title VII.") (citing *Moyo v. Gomez*, 40 F.3d 982, 985 (9th Cir. 1994) (prisoners can be "employees" for purposes of Title VII in certain circumstances); *Williams v. Meese*, 926 F.2d 994,

4

997 (10th Cir. 1991) (inmate did not have employment relationship with the Federal Bureau of Prisons and was not protected by Title VII)); *Peebles v. Williamson Cnty. Justice Ctr.*, No. 3:15-cv-00504, 2015 WL 2121460, at *3 (M.D. Tenn. May 5, 2015) (citing out-of-Circuit precedent when finding that prison inmates working at prison jobs are not "employees" authorized to bring suit under Title VII and alternatively finding that, "[e]ven if Plaintiff were a covered employee under Title VII, he does not allege that he filed a timely claim with the EEOC and received a notice of right to sue, and thus has not fulfilled the prerequisites for filing at Title VII claim.") (citing *Iheme v. Smith*, 529 F. App'x 808, 809 (8th Cir. 2013) and *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991)).

Here, the complaint alleges that the alleged harassment occurred in Plaintiff's workplace—the prison kitchen—and Defendant Aramark is Plaintiff's employer. Construing the pro se complaint liberally, the complaint alleges that Plaintiff was discriminated against on the basis of national origin when Plaintiff's co-worker used the term "nigger" to refer to Plaintiff. The complaint further alleges that Aramark acted too slowly to address the incident after being notified about it. "An employer may be liable under Title VII for the harassing conduct of third parties if the employer was aware of the conduct and failed to take reasonable remedial action in response." *Johnson v. Bally's Atl. City*, 147 F. App'x 284, 286 (3d Cir. 2005) (citing *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1073-74 (10th Cir. 1998)).

The complaint does not address whether Plaintiff has filed a timely claim with the Equal Employment Opportunity Commission or Tennessee Human Rights Commission. Taking into consideration that Plaintiff is pro se, the Court will permit him to demonstrate exhaustion by providing his right-to-sue letter or explaining how he has otherwise exhausted this claim.

5

2. 42 U.S.C. § 1997d

Plaintiff further alleges that Defendants' actions violated 42 U.S.C. §§ 1997d. (Doc. No. 1, Attach. 1 at 4). "While Section 1997d prohibits retaliation against persons who report certain conditions, it does not create a private right of action." *Jones v. Tenn.*, No. 3:23-CV-9-KAC-DCP, 2023 WL 4379944, at *13 (E.D. Tenn. July 6, 2023) (citing *Martin v. Upchurch*, No. 93-16907, 1995 WL 563744, at *3 n.3 (10th Cir. Sept. 22, 1995) ("[T]here is no private right of action under 42 U.S.C. § 1997.") (citing *Price v. Brittain*, 874 F.2d 252, 264 (5th Cir. 1989))). Therefore, Plaintiff cannot maintain a claim under this statute. Plaintiff's Section 1997d claims will be dismissed as to all Defendants.

3. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

Although the complaint does not specifically cite Section 1983, it alleges that Defendants exhibited "[c]allous indifference to Plaintiff's Civil Right" and engaged in retaliation. (Doc. No. 1, Attach. 1 at 2). Because Plaintiff is proceeding pro se, the Court infers from this language that Plaintiff intends to bring claims pursuant to Section 1983.

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th

Cir. 1999). To state a First Amendment retaliation claim, "a prisoner must prove that (1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of 'ordinary firmness from continuing to engage in that conduct,' and (3) 'the adverse action was motivated at least in part by the [prisoner's] protected conduct.'" *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (quoting *Thaddeus-X*, 175 F.3d 378, 394). "An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

Here, the complaint alleges that Miller, after learning Plaintiff had reported Wright's "nigger lover" statement and filed a grievance about it, initiated an unfounded disciplinary report against Plaintiff, relying on Wright's accusations. The complaint also alleges that Aramark employee Smith knew about both Wright's harassment and the retaliation and did not rectify the issue in a prompt manner.

For purposes of the PLRA screening, the court finds that the allegations of the complaint and the content of the attachments thereto support non-frivolous claims of retaliation under Section 1983 against Defendants Miller, Wright, Smith, and Aramark. These claims should proceed for further development of the record. Ultimately, Plaintiff will be responsible for supporting his allegations of retaliation with evidence.

4. State Law Claims

The complaint also alleges claims under Tennessee law. 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

7

Case 1:23-cv-00052 Document 11 Filed 09/19/23 Page 7 of 8 PageID #: 83

*Id.* The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id.* at § (c)(3).

Here, because the Court finds that some of Plaintiff's federal claims survive the initial PLRA screening, the Court will, at this time, exercise supplemental jurisdiction over Plaintiff's state law claims under the Tennessee Human Rights Act. Plaintiff's federal and state law claims share a common nucleus of facts.

### III. CONCLUSION

In summary, Defendant Aramark's removal of this case was proper.

Having conducted the screening required by the PRLA, the Court finds that Plaintiff's claims of retaliation under Section 1983 against Defendants Miller, Wright, Smith, and Aramark will proceed. Plaintiff's claims under 42 U.S.C. §§ 1997d against Defendants, however, will be dismissed.

As to his claims under 29 C.F.R. § 1606.8, which the Court construes to be Title VII claims, Plaintiff will be permitted to demonstrate exhaustion by submitting his right-to-sue letter or explaining how he has otherwise exhausted those claims. If Plaintiff fails to do so, those claims will be dismissed.

In addition, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims at this time.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE