IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **JEREMY W. THORPE, #510461,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **ARAMARK CORRECTIONAL** ) <br> **SERVICES, ET AL.,** ) <br> ) <br> Defendants. ) | NO. 1:23-cv-00052 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE HOLMES |

### ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 31). In the Report and Recommendation, the Magistrate Judge recommends that the motion to dismiss filed by Defendants Aramark Correctional Services, LLC ("Aramark"), Jeremy Smith ("Smith"), Valerie Miller ("Miller"), and Dawn Wright ("Wright") (Doc. No. 18) be granted in part and denied in part. Both parties filed objections (Doc. Nos. 32, 33). For the reasons discussed below, the Magistrate Judge's Report and Recommendation is **ADOPTED** and **APPROVED**.

### I.    STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

### A. Background

Plaintiff is an inmate confined at the Turney Center Industrial Complex ("Turney Center") in Only, Tennessee. Plaintiff alleges he worked in the Turney Center kitchen and that on January 9, 2023, Defendant Wright informed him that she was called a "nigger lover" for talking to Plaintiff. (Doc. No. 1 ¶ 7). Plaintiff informed Food Service Supervisor Pamela Stevenson of the conversation and Stevenson informed Plaintiff that she would immediately address the incident with Wright and Defendant Miller, the Food Services Manager. (*Id.* ¶ 8). On January 18, 2023, Associate Warden of Treatment, Brad Cotham, conducted an investigation that resulted in the removal of Wright and the inmate who made the disparaging remark. (Doc. No. 1 ¶¶ 10-11). Plaintiff alleges that on the same day Cotham conducted the investigation, Miller initiated disciplinary action against Plaintiff for "solicitation of staff" based on allegations made by Wright that Plaintiff made inappropriate comments toward her. (Doc. No. 1 at 19-20). Plaintiff alleges that he was initially removed from his job because of the disciplinary report, but Cotham dismissed the disciplinary charge and promptly restored Plaintiff to his job. (Doc. No. 1 at 12).

Plaintiff brings claims against Defendants under 29 C.F.R. § 1606, 42 U.S.C. § 1997d, and the Tennessee Human Rights Act. (Doc. No. 1. ¶¶ 12, 15 – 17). The Court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and dismissed Plaintiff's 1997d claim, but permitted this action to proceed on Plaintiff's claims under (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); (2) the Tennessee Human Rights Act ("THRA"), T.C.A. § 4–21–101 *et seq.*; and (3) 42 U.S.C. Section 1983 for retaliation. (Doc. No. 12).

**B. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge determined that Plaintiff's Title VII claim should be dismissed because Plaintiff failed to demonstrate that a prison inmate worker is an employee for purposes of Title VII. (Doc. No. 31 at PageID # 174). The Magistrate Judge noted that "the prison setting is an obviously unique situation that is not readily analogous to any other workplace, and working a prison job while confined as a convicted inmate is not analogous to 'employment' in any normal understanding of the word." (*Id.*) The Magistrate Judge also determined that even if the Court were to presume that Plaintiff was an "employee" within the meaning of Title VII, Plaintiff failed to show that he exhausted his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter from the EEOC prior to filing his lawsuit, both of which are prerequisites to bring this action. (*Id.* at PageID # 175). The Magistrate Judge also determined that Plaintiff's THRA claim should be dismissed because "employment discrimination claims under Title VII and the THRA are evaluated identically." (Doc. No. 31 at PageID # 176) (citing *Bailey v. USF Holland, Inc.*, 526 F.3d 880, 885 n.1 (6th Cir. 2008)) (internal citation omitted).

The Magistrate Judge recommended dismissal of Plaintiff's retaliation claim as to Defendants Aramark and Smith on the basis that Plaintiff failed to set forth facts sufficient to maintain the claim as to those Defendants. (Doc. No. 31 at PageID # 176). However, the Magistrate Judge determined that Plaintiff's retaliation claim against Defendants Miller and Wright should be sustained because Defendants' arguments in support of dismissal "relies entirely upon law from outside the Sixth Circuit." (*Id.* at PageID # 177). The Magistrate Judge noted that while Defendants argued that Plaintiff's alleged harm is *de minimis* such that the harm does not constitute a sufficiently adverse action to support Plaintiff's retaliation claim, Defendants fail to acknowledge

any Sixth Circuit case law about First Amendment retaliation claims. Further, the Magistrate Judge acknowledged that "[d]ifferences in case law between circuits is not insignificant" and while Defendants relied on case law from other circuits to argue that Plaintiff's filing a second grievance after the occurrence of the alleged acts is fatal to his retaliation claim, such reasoning is contrary to Sixth Circuit law, which recognizes that "[t]he relevant question is whether the defendants' actions are 'capable of deterring a person of ordinary firmness;' there is no requirement that the plaintiff show actual deterrence." (*Id.* at PageID # 177) (citing *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002)).

**C. Objections**

Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation on the basis that "[d]isjoinder of Defendant Aramark Correctional Services, LLC. [sic] under the Federal Rules of Civil Procedure, Rule 21 is improper; as joinder of Defendants Miller, Wright and Aramark Correctional Services, LLC. [sic] is substantiated by the doctrine of respondeat superior" and "Miller and Wright are properly enjoined as defendants in reference to Plaintiff's retaliation claim; under the doctrine of respondeat superior." (Doc. No. 32 at PageID # 180 - 181). However, Plaintiff does not address the Magistrate Judge's finding that the Complaint implicates only Defendants Miller and Wright and does not set forth sufficient facts to sustain a retaliation claim against Aramark and Smith, nor does Plaintiff explain how the doctrine of respondeat superior substantiates his retaliation claim as to Aramark and Smith. Thus, the Court finds that Plaintiff's objection does not provide a basis to reject or modify the Report and Recommendation. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply

summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

Defendants Miller and Wright also filed an objection (Doc. No. 33) to the Magistrate Judge's recommendation to deny dismissal of Plaintiff's retaliation claim against them. (Doc. No. 33 at PageID # 185). Defendants argue that there is a lack of Sixth Circuit case law addressing First Amendment retaliation claims in the context of temporary changes in employment and promptly rescinding disciplinary reports. Thus, Defendants argue that their reliance on non-Sixth Circuit case law is sufficient. Defendants also agree that whether an inmate was deterred is not required to show actionable retaliation under Sixth Circuit precedent but argue that "how the inmate acted might be evidence of what a reasonable inmate would have done." (Doc. No. 33 at PageID # 188) (internal citation omitted).

The Court finds that the Magistrate Judge correctly determined that dismissal of Plaintiff's retaliation claim as to Miller and Wright is inappropriate at this juncture. While Defendants argue that Plaintiff's alleged harm is so *de minimis* that it does not constitute a sufficiently adverse action, the Court finds that taking the allegations in the Complaint as true, Plaintiff has pled facts sufficient to state a First Amendment retaliation claim against Defendants Miller and Wright. Because the Magistrate Judge did not err with regard to the retaliation claim, Defendants' objection is overruled.

### III.  CONCLUSION

For the reasons described above, the parties' objections fail to state viable grounds to challenge the Magistrate Judge's conclusions or otherwise provide a basis to reject or modify the Report and Recommendation. Thus, the Court concludes that the parties' objections are without merit, and that the Report and Recommendation (Doc. No. 31) should be **ADOPTED** and

5

**APPROVED**. Accordingly, the motion to dismiss filed by Defendants Aramark, Smith, Miller, and Wright (Doc. No. 18) is **GRANTED** in part and **DENIED** in part.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE