IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

JEREMY W. THORPE )
)
v. ) Case No. 1:23-cv-00052
)
VALERIE MILLER and DAWN WRIGHT )

TO: Honorable Aleta A. Trauger, United States District Judge

# REPORT AND RECOMMENDATION

This *pro se* prisoner civil rights action has been referred to the Magistrate Judge for pretrial proceedings. *See* Order entered September 19, 2023 (Docket Entry No. 12).

Pending before the Court is the motion for judgment on the pleadings (Docket Entry No. 43) filed by Defendants Valerie Miller and Dawn Wright. Plaintiff opposes the motion. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be **DENIED**.

## I. BACKGROUND

Jeremy Thorpe ("Plaintiff") is an inmate in the custody of the Tennessee Department of Correction ("TDOC") confined at the Turney Center Industrial Complex ("Turney Center") in Only, Tennessee. He filed this *pro se* lawsuit in the Chancery Court of Hickman County on June 5, 2023, seeking $900,000.00 in damages and naming Aramark Correctional Services ("Aramark"), Food Services Director Jeremy Smith ("Smith"), Food Services Manager Valerie Miller ("Miller"), and Head Stewardess Dawn Wright ("Wright") as Defendants. (Docket Entry

No. 1-1.) The lawsuit was removed to this Court by Aramark on the basis of federal question jurisdiction. (Docket Entry No. 1.)

Plaintiff's lawsuit stems from events occurring when he was an inmate worker in the prison kitchen in January 2023. After becoming aware that racially disparaging comments had been made in the kitchen, Plaintiff reported the incident to a supervisor and later filed a Title VI grievance, asserting:

> Discriminatory remarks of this nature are in violation of state law and regulations and if not addressed, can seriously interfere and may result in prejudicial actions that are non-conducive to the functioning of the kitchen, which consists of a combination of racially diverse inmates,

and seeking as a solution "interview food stewardess to find out inmate who made racist statement and have him or they removed from kitchen." (Docket Entry No. 1-1 at 9-10.) The grievance was ultimately found to lack merit because Plaintiff failed to show that he had been the victim of any discriminatory treatment (Docket Entry No. 1-1 at 15-16), but Plaintiff alleges that the investigation led to Wright's removal as a food stewardess and the removal from the kitchen of the inmate who made the disparaging remark (Docket Entry No. 1-1 at 4 in ¶¶ 10-11). Plaintiff alleges that on the same day that his grievance was investigated by TDOC official Brad Cotham, he received a disciplinary report from Miller for "solicitation of staff" based upon accusations from Wright that he had made inappropriate comments to her. (*Id*. at 19-20.) Plaintiff alleges that the disciplinary report was retaliation against him because of the grievance. (*Id*. at 4 in ¶ 15.) Although Plaintiff was initially removed from his kitchen job as a result of the disciplinary report, he was restored to his job and the disciplinary report was dismissed as a result of the investigation into the grievance. (*Id*. at 12.)

Upon initial review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court entered an order on September 19, 2023, which permitted the lawsuit to proceed against the named Defendants on the following claims: 1) a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; (2) a corresponding claim under the Tennessee Human Rights Act ("THRA"), Tennessee Code Annotated § 4–21–101 *et seq.;* and, 3) a claim under 42 U.S.C. § 1983 for retaliation. (Docket Entry No. 12 at 1-2.)

In lieu of an answer, the four Defendants filed a joint motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff failed to state claims for relief. (Docket Entry No. 18.) The undersigned Magistrate Judge issued a Report and Recommendation, recommending that the motion be granted in part and denied in part. (Docket Entry No. 35.) After considering objections filed by both parties, the District Judge adopted the Report and Recommendation in full by order entered July 31, 2024. (Docket Entry No. 35.) Plaintiff's Title VII and THRA claims were dismissed and the retaliation claim with respect to Defendants Aramark and Smith was dismissed, but the motion was denied to the extent that it sought dismissal of the retaliation claim as to Defendants Miller and Wright, finding that "taking the allegations in the Complaint as true, Plaintiff has pled facts sufficient to state a First Amendment retaliation claim against Defendants Miller and Wright." (*Id*. at 5.) After Defendants Miller and Wright filed a joint answer (Docket Entry No. 38), the Court issued a scheduling order for pretrial proceedings in the case. (Docket Entry No. 39.) The scheduling order deadlines have not yet expired.

3

## II. MOTION AND RESPONSE

By their motion, Defendants Miller and Wright (hereinafter referred to collectively as "Defendants") seek judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure based on a single, narrow argument. Defendants assert that the lawsuit was brought against them only in their official capacities as employees of Aramark and that the law views an official capacity claim against an individual as a claim against the individual's employer. They argue that, for that reason, the Courts' dismissal of the retaliation claim against Aramark necessarily requires that they also be dismissed from the lawsuit since the official capacity claim against them is for all purposes a claim against Aramark. (Docket Entry No. 44.)

In response, Plaintiff contends that the motion should be denied because Defendants have waived their argument for dismissal because (1) it was not raised in the Rule 12(b)(6) motion that was initially filed and (2) it was not raised as part of the objections to the Report and Recommendation. (Docket Entry Nos. 47 and 48.)[1]

Defendants reply that their argument for dismissal has not been waived because, pursuant to Rule 12(h)(2)(B), an argument for dismissal based upon failure to state a claim for relief may be raised in a motion brought under Rule 12(c) even if a prior Rule 12(b)(6) motion was filed by the party. (Docket Entry No. 50.)

## III. STANDARD OF REVIEW

Under Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The courts assess such motions "using the same standard that applies to a review of a motion to dismiss under Rule 12(b)(6)." *Moderwell*

---

[1] Although filed as a "motion to dismiss," the Court construes the filing as Plaintiff's response in opposition to Defendants' motion.

*v. Cuyahoga Cty.*, 997 F.3d 653, 659 (6th Cir. 2021) (citation omitted). For purposes of a motion for judgment on the pleadings, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id*. (internal citations omitted). In construing the factual allegations in the complaint, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*.

IV. ANALYSIS

Initially, the Court finds that Plaintiff is incorrect in his contention that Defendants cannot raise their current argument for dismissal in a Rule 12(c) motion because they previously filed a Rule 12(b)(6) that did not include the argument. While certain defenses may not be raised in a successive motion made under Rule 12 if the defenses were not included in the first Rule 12 motion, *see* Rule 12(g)(2), a defense based on failure to state a claim is not one of the defenses subject to this waiver. *See* Rule 12(h). A party may raise a defense based on failure to state a claim in a Rule 12(c) motion even if a prior Rule 12(b) motion was filed. *Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, No. 2:20-cv-02553-STA-tmp, 2022 WL 5236833, at *2 (W.D. Tenn. Oct. 5, 2022), *aff'd*, 83 F.4th 514 (6th Cir. 2023) (rejecting the plaintiff's argument that the defendants could not raise their failure-to-state-a-claim defense in a Rule 12(c) motion because they failed to present their argument in their previously filed Rule 12(b)(6)).

However, denial of Defendants' motion is warranted because the Court finds no merit in their argument for dismissal. To be clear, Plaintiff's complaint named Defendants Miller and Wright only in their official capacities. (Docket Entry No. 1-1 at 2-3 in ¶ 2 and ¶ 4.) Nonetheless, in response to the Report and Recommendation that recommended that the

5

retaliation claim against Defendants Miller and Wright should proceed even though the claim against Aramark should be dismissed, Defendants failed to include in their objections to the Report and Recommendation (Docket Entry No. 33) the argument that they currently raise regarding their official status, arguing instead only that the adverse action alleged by Plaintiff was not sufficient to support a retaliation claim. Whatever their reason may have been for failing to raise the current dismissal argument in their objection to the Report and Recommendation, Defendants Miller and Wright did not present this argument to the Court and proceeded as if they were being sued as individuals.

Plaintiff thereafter made it explicit that Defendants were being sued as individuals when he requested leave to amend his complaint, seeking to lower the amount of his damage request to a request of $10,000 each against Miller and Wright, and noting that they "are now being sued in their individual capacities." (Docket Entry No. 37.) The Court granted the request to amend. (Docket Entry No. 39 at 1.) The pleadings of *pro se* litigants are to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Although Plaintiff's amendment was inartful, it clearly indicated that he was amending his complaint to specifically sue Defendants Miller and Wright in their individual capacities.

Accordingly, by the time the current motion for judgment on the pleadings was filed, both the course of proceedings in the case and Plaintiff's pleadings indicated that the retaliation claim against Defendants Miller and Wright was brought against them individually, not merely against them in their official capacities as employees of Aramark. Accordingly, the dismissal of Aramark does not in itself require the dismissal of Defendants Miller and Wright from this case.

## R E C O M E N D A T I O N

For the reasons stated, it is respectfully **RECOMMENDED** that the motion for judgment on the pleadings (Docket Entry No. 43) filed by Defendants Valerie Miller and Dawn Wright be **DENIED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

    _____
    BARBARA D. HOLMES
    United States Magistrate Judge