IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| JEREMY W. THORPE | ) |
| | ) |
| v. | ) Case No. 1:23-cv-00052 |
| | ) |
| VALERIE MILLER and DAWN WRIGHT | ) |

TO:   Honorable Aleta A. Trauger, United States District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

This *pro se* prisoner civil rights action has been referred to the Magistrate Judge for pretrial proceedings. *See* Order entered September 19, 2023 (Docket Entry No. 12).

Pending before the Court is the motion for summary judgment (Docket Entry No. 57) filed by Plaintiff Jeremy Thorpe. Defendants oppose the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be **DENIED**.

**I.  BACKGROUND**

Jeremy Thorpe ("Plaintiff") is an inmate in the custody of the Tennessee Department of Correction ("TDOC") confined at the Turney Center Industrial Complex ("Turney Center") in Only, Tennessee. He filed this *pro se* lawsuit in the Chancery Court of Hickman County on June 5, 2023, seeking damages based on alleged wrongdoings that occurred at the Turney Center and naming Aramark Correctional Services ("Aramark"), Food Services Director Jeremy Smith ("Smith"), Food Services Manager Valerie Miller ("Miller"), and Head Stewardess Dawn Wright ("Wright") as Defendants. *See* Complaint (Docket Entry No. 1-1). The lawsuit was removed to this Court by Aramark on the basis of federal question jurisdiction. *See* Notice of Removal (Docket Entry No. 1).

Plaintiff's lawsuit stems from events that occurred when he was an inmate worker in the prison kitchen in January 2023. After becoming aware that racially disparaging comments had been made in the kitchen, Plaintiff reported the incident to a supervisor and later filed a Title VI grievance, asserting:

> Discriminatory remarks of this nature are in violation of state law and regulations and if not addressed, can seriously interfere and may result in prejudicial actions that are non-conducive to the functioning of the kitchen, which consists of a combination of racially diverse inmates,

and seeking as a solution "interview food stewardess to find out inmate who made racist statement and have him or they removed from kitchen." (Docket Entry No. 1-1 at 9-10.) The grievance was ultimately found to lack merit because Plaintiff failed to show that he had been the victim of any discriminatory treatment, *see* Docket Entry No. 1-1 at 15-16, but Plaintiff alleges that the investigation led to Wright's removal as a food stewardess and the removal from the kitchen of the inmate who made the disparaging remark. (*Id*. at 4, ¶¶ 10-11.) Plaintiff alleges that on the same day that his grievance was investigated by TDOC official Brad Cotham, he received a disciplinary report from Miller for "solicitation of staff" based upon accusations from Wright that he had made inappropriate comments to Wright. (*Id*. at 19-20.) Plaintiff alleges that the disciplinary report was an act of retaliation against him because of the grievance that he filed. (*Id*. at 4, ¶ 15.) Although Plaintiff was initially removed from his kitchen job as a result of the disciplinary report, he was restored to his job and the disciplinary report was dismissed as a result of the investigation into the grievance. (*Id*. at 12.)

After removal of the case, the Court conducted an initial review and the case was permitted to proceed against all named Defendants on claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. and the Tennessee Human Rights Act ("THRA"),

2

Case 1:23-cv-00052   Document 63   Filed 05/20/25   Page 2 of 8 PageID #: 302

Tennessee Code Annotated § 4–21–101 *et seq.,* and on a First Amendment retaliation claim under 42 U.S.C. § 1983. (Docket Entry No. 12 at 1-2.) The Court later granted in part Defendants' motion to dismiss and dismissed Plaintiff's Title VII and THRA claims and the retaliation claim against Defendants Aramark and Smith, leaving the retaliation claim against Defendants Miller and Wright as the sole remaining claim. (Docket Entry No. 35).[1] After Defendants Miller and Wright filed a joint answer, *see* Docket Entry No. 38, the Court issued a scheduling order for pretrial proceedings in the case. (Docket Entry No. 39.) All pretrial deadlines set out in the scheduling order deadlines have now expired.

## II. MOTION AND RESPONSE

Plaintiff seeks summary judgment in his favor under Rule 56 of the Federal Rules of Civil Procedure "because the material facts consistent within this case are indisputable and do not require the necessity of a trial to determine if Plaintiff is entitled to a judgment in his favor as a matter of law." (Docket Entry No. 57 at 1.) Plaintiff specifically argues that:

> The preponderance of the evidence in this case would suggest that after discovering that the Plaintiff filed his discrimination complaint, Defendant Wright collaborated with Defendant Miller to initiate a disciplinary report against the Plaintiff because of his filing. The timeline between Plaintiff's filing and the Defendants' filing of a disciplinary report infers a causal relationship between the two events rather than one of mere coincidence or ignorance on Defendant Miller's part.

(Docket Entry No. 59 at 2.) Plaintiff supports his motion with a short statement of undisputed material facts ("SUMF"), in which he asserts that the following facts are undisputed: (1) he filed the Title VI grievance; (2) he was issued a disciplinary infraction by Defendant Miller the same

---

[1] Defendant Miller and Wright subsequently filed a motion for judgment on the pleadings, arguing that they had been sued in only their official capacities and thus should have been dismissed from the action upon the dismissal of Defendant Aramark, their employer. This motion was denied. *See* Order entered February 11, 2025 (Docket Entry No. 54).

3

day that the grievance was investigated; and, (3) the disciplinary infraction was subsequently dismissed. (Docket Entry No. 58.)

Defendants respond in opposition to the motion, arguing that Plaintiff cannot establish a right to recover on his claim at the summary judgment stage. (Docket Entry No. 60 at 3.) Defendants concede the Plaintiff received a disciplinary report but argue that the report was ultimately dismissed within a few days after it was issued and that the dismissed report does not rise above the level of a *de minimis* harm and thus is not sufficient to support a constitutional retaliation claim. (*Id*. at 4-5.) Alternatively, Defendants assert that summary judgment in favor of Plaintiff is not appropriate because (1) the question of whether Plaintiff suffered an adverse action capable of deterring a person of reasonable firmness from continuing to engage in protected conduct is a question for the trier of fact and (2) the arguments set out in Plaintiff's motion with respect to Defendants' culpability rely upon factual allegations that are not supported by evidence that is in the record. (*Id*. at 3-4 and 5-6.) Defendants support their opposition to the motion with a response (Docket Entry No. 61) to Plaintiff's SUMF and with their own statement of additional material facts (Docket Entry No. 62).

Plaintiff has not filed a reply or a response to Defendants' statement of additional material facts.

### III.  STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a) of the Federal Rules of Civil Procedure.  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A "genuine issue of

4

Case 1:23-cv-00052   Document 63   Filed 05/20/25   Page 4 of 8 PageID #: 304

material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

## IV. CONSTITUTIONAL STANDARDS

A prison inmate retains First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974). Among these rights is the right to pursue grievances against prison officials. *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). Prison officials cannot therefore retaliate against a prison inmate based upon the inmate's exercise of his First Amendment rights. *Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005); *Smith v. Campbell*, 250 F.3d 1032, 1036-37 (6th Cir. 2001); *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). This is true even if the act complained about would not violate the Constitution absent a retaliatory motive. *Newsome v. Norris,* 888 F.2d 371, 374 (6th Cir 1989).

To succeed on a claim for First Amendment retaliation, Plaintiff must set forth evidence that shows: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and, (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by his protected conduct. *Siggers-El*, 412 F.3d at 699 (citing *Thaddeus-X*, 175 F.3d at 394). The Supreme Court has clarified that the retaliatory motive must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken

absent the retaliatory motive. *Nieves v. Bartlett*, 587 U.S. 391, 399 (2019) (internal citation omitted).

## V. ANALYSIS

Plaintiff's motion to be granted summary judgment in his favor is appropriately denied. Even if the Court presumes for the purposes of ruling on the motion that Plaintiff has pointed to evidence that would undisputedly satisfy his burden of proof on the first two elements of his retaliation claim, his motion fails when the third element of his claim is considered.[2]

The third element of a retaliation claim addresses a defendant's subjective motivation for taking the adverse action. *Thaddeus-X*, 175 F.3d at 399. Plaintiff bears the burden of establishing by a preponderance of the evidence that Defendants' actions related to issuing the disciplinary report were motivated at least in part by his conduct of filing the grievance. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012). Plaintiff points to the temporal proximity between the grievance he filed and the disciplinary report he received as evidence that infers the existence of a causal connection exits between the two events.

However, while a close temporal proximity between a plaintiff's protected conduct and the challenged adverse action may properly be viewed as circumstantial evidence that can, in

---

[2] One of the arguments Defendants raise in opposition to the motion is that the disciplinary report issued to Plaintiff was a *de minimis* action that does not rise to the level of an adverse action that would support a retaliation claim because the report was ultimately dismissed. Although Defendants support this argument with relevant case law, *see* Docket Entry No. 60, Defendants present a somewhat cursory argument and fail to reference or distinguish other case law that is seemingly contradictory to their argument. *Scott v. Churchill*, 377 F.3d 565, 572 (6th Cir. 2004) ("[T]he mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation."). Further, although a finding that Plaintiff suffered only a *de minimis* harm would seemingly extinguish Plaintiff's claim, Defendants chose not to move for summary judgment on this issue and they raise the argument only as a reason to deny Plaintiff's motion. Given Defendants' decision of how to raise this argument and because the Court finds that Plaintiff's motion should clearly be denied for other reasons, the Court declines to address Defendants' alternative argument.

some circumstances, infer the existence of a causal connection, it alone is not sufficient to meet a plaintiff's burden to show that the protected activity was a substantial or motivating factor for the challenged adverse action. *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). *See also Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010) ("Although this court has concluded that evidence of temporal proximity between filing grievances and the adverse action provides some support for establishing retaliatory motive, it has been reluctant to find that such evidence alone establishes retaliatory motive."); *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 321 (6th Cir. 2007) ("The law is clear that temporal proximity, standing alone, is insufficient to establish a causal connection for a retaliation claim.").

Furthermore, Plaintiff bears the burden of proof on all three elements of his retaliation claim in order to have a judgment rendered in his favor. *Murray v. Unknown Evert*, 84 F.App'x 553, 556 (6th Cir. 2003). When a party who bears the ultimate burden of proof seeks summary judgment in its favor on the merits, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). In other words, Plaintiff "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). Plaintiff's motion rests entirely upon limited circumstantial evidence of proximity. Such evidence, at best, merely raises an inference in support of Plaintiff's claim, and is certainly not so powerful and overwhelming as to entitle Plaintiff to summary judgment in his favor as matter of law.

# R E C O M E N D A T I O N

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's motion for summary judgment (Docket Entry No. 57) be **DENIED**.

Given that the pretrial deadlines have now expired, including the deadline for the filing of dispositive motions, it is **FURTHER RECOMMENDED** that, if this report and recommendation is adopted, this matter be set for trial as all pretrial proceedings have been completed.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

    BARBARA D. HOLMES
    United States Magistrate Judge